UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PALM BEACH DIVISION

CASE NO.

H.B.,

    Plaintiff,

v.

CLASSICA CRUISE OPERATOR LTD. INC.
A Foreign corporation, and
MARGARITAVILLE AT SEA, LLC,
A Delaware Limited Liability Company,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff H.B.,[1] a Florida resident, sues through undersigned counsel Defendants CLASSICA CRUISE OPERATOR LTD., INC., a foreign corporation with its principal place of business in New York, and MARGARITAVILLE AT SEA, LLC, a Delaware limited liability company with its principal place of business in Florida, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. Plaintiff H.B. is sui juris and is a citizen and resident of the State of Florida.

2. Defendant CLASSICA CRUISE OPERATOR LTD., INC. is a foreign corporation with its principal place of business in the State of New York.

---

[1] Plaintiff is proceeding through the use of her initials as a pseudonym due to the sensitive nature of the allegations set forth below. Both Defendants are aware of H.B.'s full name, having been advised of it in the respective notice of claim letters referenced in Paragraphs 25 and 34 below and of which redacted versions, with H.B.'s full name redacted to initials, are attached as Exhibits 1 and 2.

*CASE NO.*

3. Defendant MARGARITAVILLE AT SEA, LLC is a Delaware limited liability company with its principal place of business in the State of Florida.

4. Subject matter jurisdiction exists in admiralty pursuant to 28 U.S.C. §1333. The Plaintiff's cause of action as alleged below arises out of events occurring on navigable waters and out of a traditional maritime activity, the operation of a passenger cruise vessel.

5. At all material times, both Defendants have conducted ongoing substantial and not isolated business activities in the Southern District of Florida, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all material times, both Defendants engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff H.B.

7. The ticket contract between the parties, which was drafted by or on behalf of the Defendants without any negotiations with H.B., requires all fare paying passengers to bring any lawsuit against the Defendants arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Furthermore, the Defendants both do business in this judicial district. Venue is therefore proper in this Court.

## **COMMON ALLEGATIONS**

8. At all material times, Plaintiff H.B. was a fare paying passenger on board the "MARGARITAVILLE AT SEA PARADISE," a passenger cruise vessel sailing from the port of Riviera Beach, Florida to Freeport, Bahamas.

*CASE NO.*

9. On the evening of May 5, 2023, Plaintiff H.B. purchased alcoholic beverages at an onboard bar on the "MARGARITAVILLE AT SEA PARADISE." While doing so, she charged the beverages to her stateroom number, thereby providing crewmembers staffing the bar access to her stateroom number.

10. After purchasing and consuming alcoholic beverages at the onboard bar, H.B. returned to her stateroom to sleep.

11. During the early morning hours of May 6, 2023, as H.B. was sleeping in her stateroom, a crewmember on board the "MARGARITAVILLE AT SEA PARADISE," in particular a bartender working at the onboard bar referenced in Paragraph 9, one Hoobesh Kumar Dookhy, entered her stateroom.

12. Upon entering H.B's stateroom, crewmember Dookhy engaged in sexual activity with H.B., including the touching of private areas and vaginal penetration.

13. H.B. did not consent to the sexual activity referenced in the preceding paragraph.

14. During the sexual activity referenced in the preceding two paragraphs, H.B. recognized Dookhy as a bartender at the onboard bar and therefore recognized him as a crewmember.

15. At no time did H.B. consent to any sexual activity with Dookhy or any other crewmember on the "MARGARITAVILLE AT SEA PARADISE."

16. As a direct and proximate result of the nonconsensual sexual activity alleged above, H.B. was injured in and about her body and extremities, suffered physical, emotional and psychological pain therefrom, embarrassment, humiliation, sustained mental anguish and emotional and psychological pain and suffering,

3
GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*CASE NO.*

aggravation and activation of preexisting conditions, and sustained disability and the inability to lead a normal life.  She has incurred expenses for medical and mental health treatment and counseling and will continue to do so in the future, with the future health care expenses being reasonably certain to occur.  Furthermore, she has lost earnings and her future earning capacity has been impaired.  These damages are permanent or continuing in their nature and Plaintiff H.B. will continue to sustain and incur such compensatory damages in the future.

## COUNT I - CLASSICA CRUISE OPERATOR LTD., INC.

17. Plaintiff H.B. adopts, realleges and incorporates by reference all of the jurisdictional and common allegations in Paragraphs 1 through 16 above and further alleges the following matters:

18. Defendant CLASSICA CRUISE OPERATOR LTD., INC. ("CLASSICA") is a foreign corporation with its principal place of business in the State of New York.

19. At all material times, Defendant CLASSICA operated the passenger cruise vessel "MARGARITAVILLE AT SEA PARADISE," on which Plaintiff H.B. was a passenger as alleged in Paragraph 8 above.

20. At all material times, Hoobesh Kumar Dookhy, as a bartender working in an onboard bar on the "MARGARITAVILLE AT SEA PARADISE," was a crewmember on that vessel.

21. At all material times, while engaging in the nonconsensual sexual conduct alleged in Paragraph 12 above, crewmember Dookhy was committing an intentional tort

*CASE NO.*

on H.B., a passenger of Defendant CLASSICA, specifically sexual assault and/or sexual battery.

22. At all material times while H.B. was a fare paying passenger onboard "MARGARITAVILLE AT SEA PARADISE," a passenger vessel it operated, Defendant CLASSICA as a common carrier had a nondelegable duty to H.B. to protect her from intentional torts committed by crewmembers upon her, including the tortious activity described in Paragraph 12 above.

23. Since crewmember Dookhy was at all material times committing an intentional tort on H.B., a passenger of Defendant CLASSICA, in the course of a voyage for which H.B. was a fare paying passenger of CLASSICA, CLASSICA at all material times breached its nondelegable duty to H.B. and is accordingly strictly and vicariously liable for the damages to H.B. caused by Dookhy's actions, including those damages alleged in Paragraph 16 above. *See Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891 (11th Cir. 2004).

24. In addition, since the actions of crewmember Dookhy as alleged in Paragraph 12 above were at all material times undertaken willfully and wantonly, Defendant CLASSICA is liable to H.B. for punitive damages.

25. Plaintiff H.B. has complied with all conditions precedent to bringing this action. In particular, as required by the operative ticket contract, the Plaintiff, on May 10, 2023, within six months of the events alleged in Paragraph 12 above, sent Defendant CLASSICA, by certified mail, return receipt requested, a written

*CASE NO.*

notice of her claim in the form of a letter.  A copy of this letter, with H.B.'s full name redacted to initials, is attached as Exhibit 1.

**WHEREFORE**, Plaintiff H.B. requests judgment in her favor against Defendant CLASSICA CRUISE OPERATOR LTD., INC. for compensatory and punitive damages and the costs of this action and furthermore demands trial by jury of all issues so triable as of right.

## COUNT II – MARGARITAVILLE AT SEA, LLC.

26. Plaintiff H.B. adopts, realleges and incorporates by reference all of the jurisdictional and common allegations in Paragraphs 1 through 16 above and further alleges the following matters:

27. Defendant MARGARITAVILLE AT SEA, LLC ("MARGARITAVILLE") is a Delaware limited liability company with its principal place of business in the State of Florida.

28. At all material times, Defendant MARGARITAVILLE operated the passenger cruise vessel "MARGARITAVILLE AT SEA PARADISE," on which Plaintiff H.B. was a passenger as alleged in Paragraph 8 above.

29. At all material times, Hoobesh Kumar Dookhy, as a bartender working in an onboard bar on the "MARGARITAVILLE AT SEA PARADISE," was a crewmember on that vessel.

30. At all material times, while engaging in the nonconsensual sexual conduct alleged in Paragraph 12 above, crewmember Dookhy was committing an intentional tort

*CASE NO.*

on H.B., a passenger of Defendant MARGARITAVILLE, specifically sexual assault and/or sexual battery.

31. At all material times while H.B. was a fare paying passenger onboard "MARGARITAVILLE AT SEA PARADISE," a passenger vessel it operated, Defendant MARGARITAVILLE as a common carrier had a nondelegable duty to H.B. to protect her from intentional torts committed by crewmembers upon her, including the tortious activity described in Paragraph 12 above.

32. Since crewmember Dookhy was at all material times committing an intentional tort on H.B., a passenger of Defendant MARGARITAVILLE, in the course of a voyage for which H.B. was a fare paying passenger of CLASSICA, CLASSICA at all material times breached its nondelegable duty to H.B. and is accordingly strictly and vicariously liable for the damages to H.B. caused by Dookhy's actions, including those damages alleged in Paragraph 16 above. *See Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891 (11th Cir. 2004).

33. In addition, since the actions of crewmember Dookhy as alleged in Paragraph 12 above were at all material times undertaken willfully and wantonly, Defendant MARGARITAVILLE is liable to H.B. for punitive damages.

34. Plaintiff H.B. has complied with all conditions precedent to bringing this action. In particular, as required by the operative ticket contract, the Plaintiff, on May 10, 2023, within six months of the events alleged in Paragraph 12 above, sent Defendant MARGARITAVILLE, by certified mail, return receipt requested, a

7

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*CASE NO.*

written notice of her claim in the form of a letter. A copy of this letter, with H.B.'s full name redacted to initials, is attached as Exhibit 1.

**WHEREFORE**, Plaintiff H.B. requests judgment in her favor against Defendant MARGARITAVILLE AT SEA, LLC for compensatory and punitive damages and the costs of this action and furthermore demands trial by jury of all issues so triable as of right.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

*s/ PHILIP M. GERSON*
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
ydelarosa@gslawusa.com
NICHOLAS I. GERSON
Florida Bar Number No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar Number No. 346721
eschwartz@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiffs
1980 Coral Way
Miami, Florida 33145
Telephone:    (305) 371-6000
Facsimile:    (305) 371-5749