UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PALM BEACH DIVISION

CASE NO. 9:23-cv-81144-RLR

H.B.,

    Plaintiff,

v.

CLASSICA CRUISE OPERATOR LTD. INC.
A Foreign corporation, and
MARGARITAVILLE AT SEA, LLC,
A Delaware Limited Liability Company,

    Defendants.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOITON TO STRIKE PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES

Plaintiff H.B. through undersigned counsel hereby responds to the Motion of Defendant CLASSICA CRUISE OPERATOR LTD., INC. to strike Plaintiff's claim for punitive damages pursuant to Federal Rule of Civil Procedure 12(f). (DE 6).

Plaintiff H.B. was a fare paying passenger on Defendant CLASSICA's passenger cruise vessel "MARGARITAVILLE AT SEA PARADISE."   During the early morning hours of May 6, 2023, a CLASSICA crewmember, specifically an onboard bartender, entered H.B's stateroom and committed various nonconsensual sexual acts upon H.B., thereby committing an intentional tort of sexual assault, sexual battery or both.  (DE 1, Complaint at ¶¶8-14, 21-23).  H.B. has sued CLASSICA, seeking both compensatory and punitive damages. (DE 1 at ¶¶16, 24).  CLASSICA has moved to strike the claim for punitive damages, arguing erroneously that punitive damages are not available in cruise passenger's personal injury actions. (DE 6).

First, CLASSICA undercuts its own argument by candidly acknowledging several recent decisions in various contexts which district court judges in this District have authorized awards of and pleading of claims for punitive damages in maritime cases. *See* Defendant's Motion, DE 6 at 4, *citing Doe v. Carnival Corp.*, 470 F.Supp. 3d 1317, 1326 (S.D. Fla. 2020), *Tang v. NCL (Bahamas) Ltd.*, 472 F.Supp. 3d 1227, 1231 (S.D. Fla. 2020), *Irvin v. NCL (Bahamas) Ltd.*, 2020 U.S. Dist. LEXIS 188342, 2020 WL 5937900 (S.D. Fla. Case No. 20-20929-CIV, September 28, 2020); *Baldoza v. Royal Caribbean Cruises, Ltd.*, 2021 U.S. Dist. LEXIS 13024, 2021 WL 243676 (S.D. Fla. Case No. 20-22761-CIV, January 25, 2021).

In particular, recent decisions from this District have held that punitive damages are available for passengers' maritime claims arising out of intentional torts, specifically including the torts of sexual assault and sexual battery alleged in the Complaint in this action. *See, e.g., Amparo v. Classica Cruise Operator Ltd., Inc.*, 2021 U.S. Dist. LEXIS 206433 at *3, 2021 AMC 489 (S.D. Fla. Case No. 20-CV-60896-RAR, October 26, 2021) ("a jury could award punitive damages should Defendants be found liable for battery, false imprisonment or sexual assault"); *Doe v. Carnival Corp.*, 470 F.Supp. 3d 1317, 1326 (S.D. Fla. 2020)(action arising out of crewmember's sexual assault and battery upon a passenger; holding that "At this stage, viewing the allegations in the light most favorable to Plaintiff, Plaintiff has adequately alleged entitlement to punitive damages 'to the extent' that Carnival was 'more than simply negligent.'"); *Doe v. Celebrity Cruises, Inc.*, 389 F.Supp.3d 1109 (S.D. Fla. 2019)(action alleging sexual assault by crewmember upon passenger; holding that crewmember's actions as pled could be deemed an intentional tort "And because such intent would carry to Celebrity as a result of it being strictly liable for the intentional misconduct of its crewmembers, we ultimately find that it would be

inaprorpiate – at this time – to preclude Plaintiff from pursuing punitive damages on this Count …").

CLASSICA argues that the intentionally tortious sexual assault alleged in this case was committed by a crewmember and that CLASSICA itself can only be vicariously liable for the crewmember's tort as a matter of respondeat superior.  CLASSICA's analysis of the nature and source of its duty is incorrect.  In cases involving intentional torts committed by crewmembers on passengers, including (but not limited to) sexual assaults, the cruise line as a common carrier is itself directly and strictly liable to the passenger; intentional misconduct by crewmembers affecting passengers is deemed a violation of the carrier's own implied contract of safe carriage, for which the cruise line itself is strictly liable. *See Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 907 (11th Cir. 2004)("A common carrier's strict liability to a passenger for crew member assaults during transit rests upon its special implied duty of protection and safe transport that it owes as a common carrier through its employees to its passengers, and not for the reason that the act is incident to a duty within the scope of the crew member's employment.").  Thus, as explained in the Eleventh Circuit *Doe v. Celebrity* decision, the cruise line's strict liability for damages caused by crewmember assaults on passengers arises out of the special duties it owes passengers as a common carrier and is not an ordinary respondeat superior liability as CLASSICA erroneously argues.  A crewmember's intentionally tortious conduct directed toward a passenger is imputed to the cruise line as explained in the 2019 Southern District *Doe v. Celebrity* decision quoted above, and as also explained in that decision, in *Doe v. Carnival*, and in *Amparo*, such crewmember intentional misconduct does support an award of punitive damages for intentionally tortious conduct against the common carrier cruise line itself, not just against the crewmember individually.

CLASSICA relies on an unpublished opinion of the Eleventh Circuit, *Eslinger v. Celebrity Cruises, Inc.*, 772 F. App'x 872 (11th Cir. 2019) for the proposition that punitive damages may not be awarded in federal maritime cases brought by nonseamen such as passengers.  CLASSICA interprets *Eslinger* too broadly, however.  The *Eslinger* court did state that maritime personal injury claimants "may not recover punitive damages, including loss of consortium damages, for personal injury claims under maritime law." *Eslinger*, 772 Fed. App'x at 872.  The dismissed claim at issue in *Eslinger*, however, was only a claim for loss of consortium, not a claim for punitive damages, which the opinion does not mention Eslinger having asserted at all.  The additional reference in *Eslinger* stating that punitive damage claims as well as loss of consortium claims were disallowed was therefore dicta.

CLASSICA also relies on the decision of the United States Supreme Court in *The Dutra Group v. Batterton*, 139 S.Ct. 2275 (2019).  *Batterton*, however, concerned the availability of punitive damages in a seaman's action for unseaworthiness and under the Jones Act, not a passenger's claim; *Batterton* did not address at all the availability of punitive damages to injured nonseamen or passengers or the availability of punitive damages in actions for sexual assault or other intentional torts.

As noted in *Amparo* and explained above, multiple post-*Eslinger* and post-*Batterton* decisions in this District have correctly interpreted *Eslinger* and *Batterton* as neither addressing nor restricting the availability of punitive damages to passengers injured by a crewmember's intentional tort. *See Amparo*, 2021 U.S. Dist. LEXIS at *2  ("When tasked with interpreting *Eslinger* and *Batterton* in the context of a motion to strike punitive damages in maritime actions, courts in this District have read both cases narrowly").

CLASSICA also cites *McIlwain v. Royal Caribbean Cruises Ltd.*, 2023 U.S. Dist. LEXIS, 2023 WL 4117109, 2023 AMC 331 (S.D. Fla. 22-CV-24025-PCH, June 21, 2023), as an example of a recent case where the passenger's negligence allegations against the cruise line did not amount to an allegation of an intentional tort and hence could not support a claim for punitive damages.  In *McIlwain*, however, the assailant was a fellow passenger, not a crewmember, so Royal Caribbean did not have strict liability and the passenger assailant's intentional misconduct could not be and was not imputed to the cruise line as it was in the *Doe v. Celebrity* cases cited above.  McIlwain, in order to plead and recover punitive damages, had to allege and prove intentional misconduct by a crewmember (or by Royal Caribbean officials), not just a fellow passenger, and in that case was unable to do so.

In the present case, H.B. has clearly pled intentionally tortious conduct (i.e., a sexual assault and battery) on the part of CLASSICA's crewmember, imputed to CLASSICA as explained above.  Punitive damages are available to passengers in that circumstance, so CLASSICA's Motion to Strike should be denied.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 21, 2023, I emailed the foregoing to all counsel of record or pro se parties identified on the attached Service List.

/s/*EDWARD S. SCHWARTZ*
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
ydelarosa@gslawusa.com
NICHOLAS I. GERSON
Florida Bar Number No. 0020899
ngerson@gslawusa.com
DAVID MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiffs
1980 Coral Way
Miami, Florida 33145
Telephone:    (305) 371-6000
Facsimile:    (305) 371-5749

## SERVICE LIST

| | |
|---|---|
| **Philip M. Gerson, Esq.**<br>Florida Bar No.: 127290<br>pgerson@gslawusa.com<br>**Nicholas I. Gerson, Esq.**<br>Florida Bar No. 20899<br>ngerson@gslawusa.com<br>**Edward S. Schwartz, Esq.**<br>Florida Bar No. 346721<br>eschwartz@gslawusa.com<br>**David L. Markel, Esq.**<br>Florida Bar No. 78306<br>dmarkel@gslawusa.com<br>**Shannon Crosby, Esq.**<br>Florida Bar No. 1010207<br>scrosby@gslawusa.com<br>ydelarosa@gslawusa.com<br>filing@gslawusa.com<br>GERSON& SCHWARTZ, P.A.<br>1980 Coral Way<br>Miami, Florida 33145<br>Telephone:      (305) 371-6000<br>Facsimile:       (305) 371-5749<br>*Attorneys for Plaintiff* | **Jeffrey E. Foreman, Esq**.<br>jforeman@fflegal.com<br>kfehr@fflegal.com<br>**Darren W. Friedman, Esq.**<br>dfriedman@fflegal.com<br>sargy@fflegal.com<br>lvargas@fflegal.com<br>**Marian L. Rivera, Esq**.<br>mrivera@fflegal.com<br>FOREMAN FRIEDMAN, PA<br>One Biscayne Tower – Suite #2300<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel: 305-358-6555<br>Fax: 305-374-9077<br>*Attorneys for Defendant* |