UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO: 23-cv-81144-ROSENBERG/Reinhart

H.B,

    Plaintiff,

vs.

CLASSICA CRUISE OPERATOR LTD., INC.,
A Foreign corporation, and
MARGARITAVILLE AT SEA, LLC.,
A Delaware Limited Liability Company,

    Defendant.
_____/

## DEFENDANT, CLASSICA CRUISE OPERATOR LTD., INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, CLASSICA CRUISE OPERATOR LTD., INC. ("Classica"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial [DE 11], as follows:

### JURISDICTION, VENUE, AND PARTIES

1. Unknown; therefore, denied.

2. Denied.

3. Denied. Further, this Defendant has been dismissed.

4. Admitted that this matter falls under the admiralty and maritime jurisdiction of this Court.

5. Admitted as to Classica only. All else is denied.

6. Admitted as to Classica only. All else is denied.

7. Admitted as to Classica only that the venue is appropriate in this court. All else is denied.

## COMMON ALLEGATIONS

8. Admitted.

9. Admitted that Plaintiff made several alcoholic beverage purchases on May 5, 2023. All else is denied.

10. Unknown; therefore, denied.

11. Admitted that at some point in the early hours of May 6, 2023. Mr. Dookhy was inside Plaintiff's cabin. All else is denied.

12. Unknown; therefore, denied.

13. Unknown; therefore, denied.

14. Unknown; therefore, denied.

15. Unknown; therefore, denied.

16. Denied.

## COUNT I
## NEGLIGENT FAILURE TO WARN

17. Defendant, Classica, hereby adopts and re-alleges its responses to the allegations set forth in paragraphs 1 through 16, above, as it is fully incorporated forth herein.

18. Denied.

19. Admitted.

20. Admitted for purposes of this litigation only that Mr. Dookhy was employed as a bartender onboard *Margaritaville at Sea Paradise* on the date of the alleged incident.

21. Denied.

22. Denied; improper statement of law.

23. Denied.

24. Denied.

25. Admitted.

Defendant, Classica, denies that Plaintiff is entitled to recover any damages and demands strict proof thereof.

## COUNT II- MARGARITAVILLE AT SEA, LLC

Paragraphs 26 through 34 are not directed at Classica.

## AFFIRMATIVE DEFENSES

As separate and complete affirmative defenses, upon information and belief, Classica states:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are governed by federal maritime law, to the exclusion of state law, controls this action, and that any recovery is limited by same.

### SECOND AFFIRMATIVE DEFENSE

Classica asserts that this action is governed by, and subject to, the terms, limitations, and conditions contained within Plaintiff's passenger ticket contract. Classica adopts and incorporates all the terms, limitations, and conditions contained in the passenger ticket contract in its entirety into its Answer by reference.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff was not sexually assaulted while she was a passenger onboard *Margaritaville at Sea Paradise*. Therefore, Plaintiff's claim is a fraud in whole or in part.

### FOURTH AFFIRMATIVE DEFENSE

Classica asserts that Plaintiff did not exercise ordinary care, caution, or prudence for her welfare to avoid the happening of the alleged incident, injuries, or damages, if any, the existence

of which Classica expressly denies, and by this failure to do so, Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which Classica expressly denies.

### FIFTH AFFIRMATIVE DEFENSE

Classica alleges that Plaintiff's negligence was the sole, proximate cause of her alleged injuries and damages, if any, and accordingly, Plaintiff's claims are barred.

### SIXTH AFFIRMATIVE DEFENSE

Defendant had no actual or constructive notice or knowledge of the allegedly dangerous condition, if any, and therefore, did not have a duty to warn Plaintiff regarding the existence of same.

### SEVENTH AFFIRMATIVE DEFENSE

Prior to the alleged incident, the alleged condition was not reasonably foreseeable to Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

Classica states that the incident alleged in the Complaint was not the proximate cause of Plaintiff's alleged injuries and damages.

### NINTH AFFIRMATIVE DEFENSE

Classica alleges that the incident and injuries alleged in the Complaint were the result of intervening and unforeseeable causes for which Classica had no duty to protect Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Classica alleges that because of Plaintiff's conduct, acts, and omissions Plaintiff has waived any claim to damages alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

Classica alleges that Plaintiff failed to act timely and reasonably in exercising care and diligence to avoid loss and to minimize damages. Therefore, Plaintiff's recovery, if any, should be reduced by her failure to mitigate damages.

### TWELFTH AFFIRMATIVE DEFENSE

Classica alleges that the damages allegedly suffered by Plaintiff were not caused by any act or omission to act on the part of Classica and were caused by other trauma or illness suffered by Plaintiff in her lifetime.

### THIRTEENTH AFFIRMATIVE DEFENSE

The allegedly dangerous condition, if any, was open and obvious and should have been observed by Plaintiff in the ordinary course of his senses, barring any recovery by Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred inasmuch as Plaintiff knew of the existence of any danger alleged in the Complaint, realized, and appreciated the possibility of injury as a result of the danger, and, having a reasonable opportunity to avoid it, voluntarily exposed herself to it.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to Florida's voluntary intoxication defense, Fla. Stat. §768.36, and Plaintiff's voluntary intoxication was the sole, proximate cause of her alleged injuries and damages, if any, and accordingly, Plaintiff's claims are barred as a matter of law.

### SIXTEENTH AFFIRMATIVE DEFENSE

Classica alleges that Plaintiff's injuries, if any, were the result of a pre-existing injury or illness, which was not aggravated by the alleged incident herein. In the alternative, if the jury finds that it can separate any aggravation caused by the subject incident to a pre-existing injury or illness,

Plaintiff is only entitled to reimbursement for the degree of aggravation, and any recovery obtained herein must be reduced and limited to that degree of aggravation.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Classica alleges that Plaintiff's claimed medical expenses are unreasonable, and, as such, are subject to reduction in whole or in part. Plaintiff should not be entitled to recover medical expenses that were written off and recover medical expenses at the amount allegedly billed by the medical provider as such amount would not constitute actual or compensatory damages.

Classica reserves the right to amend and/or supplement its Affirmative Defenses as more facts become known through the course and scope of discovery.

Lastly, Classica notes that Plaintiff's Complaint demands trial by jury, however, this matter is pending under the court's admiralty jurisdiction where the parties do not have a right to trial by jury.

WHEREFORE, Defendant, CLASSICA CORPORATION, having fully answered Plaintiff's Complaint and having raised affirmative defenses, demands judgment in its favor, and such other relief as this Court deems appropriate.

Dated:  November 13, 2023
Miami, Florida

Respectfully submitted,
**FOREMAN FRIEDMAN, P.A.**

BY: */s/ Marian L. Rivera*
Jeffrey E. Foreman, Esq. (FBN 0240310)
jforeman@fflegal.com
Darren W. Friedman, Esq. (FBN 0146765)
dfriedman@fflegal.com
Marian L. Rivera, Esq. (FBN 127420)
mrivera@fflegal.com
One Biscayne Tower, Suite 2200
2 South Biscayne Boulevard
Miami, FL  33131

Tel: 305-358-6555/Fax: 305-374-9077
*Counsel for Defendant, Classica Cruise Operator, Ltd., Inc.*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on November 13, 2023. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: */s/ Marian L. Rivera*_____ _____
Marian Rivera, Esq.

## SERVICE LIST

| | |
|---|---|
| Phillip M. Gerson, Esq.<br>pgerson@gslawusa.com<br>filing@ghlawusa.com<br>vdelarosa@gslawusa.com<br>Nicholas I. Gerson, Esq.<br>ngerson@gslawusa.com<br>Edward S. Schwartz, Esq.<br>eschwartz@gslawusa.com<br>GERSON & SCHWARTZ, P.A.<br>1980 Coral Way<br>Miami, Florida 33145<br>Tel: 305-371-6000/ Fax: 305-371-5749<br>*Counsel for Plaintiff* | Jeffrey E. Foreman, Esq.<br>jforeman@fflegal.com<br>kfehr@fflegal.com<br>Darren W. Friedman, Esq.<br>dfriedman@fflegal.com<br>sargy@fflegal.com<br>lvargas@fflegal.com<br>Marian Rivera, Esq.<br>mrivera@fflegal.com<br>FOREMAN FRIEDMAN, PA<br>One Biscayne Tower – Suite #2200<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel: 305-358-6555/ Fax: 305-374-9077<br>*Counsel for Defendant, Classica Cruise Operator, Ltd., Inc.* |