UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
CASE NO: 23-cv-81144-ROSENBERG/Reinhart

H.B.,

    Plaintiff,

vs.

CLASSICA CRUISE OPERATOR LTD., INC.,
A Foreign corporation,

    Defendant.
_____/

**DEFENDANT'S UNOPPOSED MOTION FOR CONSOLIDATION
OF RELATED MATTERS FOR DISCOVERY ONLY**

Defendant, CLASSICA CRUISE OPERATOR LTD. INC. ("Classica"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 42(a) respectfully, and without opposition, hereby moves to consolidate for pre-trial and discovery purposes only the instant action brought by Plaintiff, H.B., with the related and similar lawsuit brought by Plaintiff Jane Doe ("Doe"), *Doe v. Classica Cruise Operator Ltd., Inc.*, Case No. 23-cv-81599-CANNON/McCabe (filed on December 29, 2023), involving the same parties and issues, and in support thereof states as follows:[1]

**Background**

1.    The matters at issue arise out of two alleged sexual assaults aboard Classica's vessel, *Margaritaville at Sea Paradise*.

---

[1]Contemporaneously with the instant motion, Defendant filed a motion to transfer and consolidate cases for discovery purposes only in the related case of *Doe*. Pursuant to S.D. Fla. I.O.P. 2.06.00, it is within the authority of the transferring judge, Judge Cannon (*Doe*), to seek consent and approval of the receiving judge, Judge Rosenberg (*H.B.*). However, once the cases are transferred, it will be solely within Judge Rosenberg's authority to consolidate the cases for discovery purposes.

2. On August 14, 2023, Plaintiff H.B. filed a Complaint for injuries asserting one count against Classica for vicarious liability based on the commission of an intentional tort by a crewmember. (ECF No. 1). *See H.B. v. CLASSICA CRUISE OPERATOR LTD., INC.,* Case No. 23-cv-81144-ROSENBERG/Reinhart.

3. On December 29, 2023, Plaintiff Jane Doe filed a Complaint for injuries also asserting one count against Classica for vicarious liability based on the commission of an intentional tort by a crewmember. *See DOE v. CLASSICA CRUISE OPERATOR, LTD., INC.*, Case No. 23-cv-81599-CANNON/McCabe, [DE 1].

4. On January 23, 2024, Classica filed a Notice of Related Cases herein identifying *Doe v. Classica*, as a related case. (ECF No. 23).

5. On the same day, in the *Doe* case, Classica also filed a Notice of Related Cases in which it identified the instant case as a related case. *See DOE v. CLASSICA CRUISE OPERATOR, LTD., INC.*, Case No. 23-cv-81599-CANNON/McCabe, [DE 6].

6. Both cases arise from the same underlying incident and will involve common questions of law and fact, including the factual circumstances of the incident. Although the cases are distinct, there is substantial overlap concerning witnesses, documents, and other evidence. For example, each Plaintiff is likely to be a witness in each separate case, and substantially the same employees of Classica will likely be witnesses in each case.

7. Consolidation of the above-styled cases for discovery purposes will avoid unnecessary duplication of discovery, costs, expenses, and effort by the parties, the lawyers, and the Court. As such, consolidation of the above-styled cases for discovery purposes would be in the best interest of judicial economy. Moreover, such consolidation will not result in prejudice to any Plaintiff or Defendant as no depositions have been taken or scheduled in either case, and written

discovery has not yet been propounded in either action. Consolidation will therefore avoid inconsistent discovery results.

8. Although Plaintiffs are represented by different law firms, Classica is represented by the undersigned firm in both cases. *See Beaulieu Grp., LLC v. Mohawk Carpet Distribution, Inc.,* No. 4:15-CV-0124-HLM, 2016 WL 4607879, at *1 (N.D. Ga. Jan. 4, 2016) (holding that common attorneys among defendants weighs in favor of consolidation).

## Memorandum of Law

Both cases primarily involve allegations of sexual assault occurring on the same day, in the same place, by the same alleged perpetrator—Mr. Dookhy—who was criminally prosecuted in connection with the *H.B.* case.[2] Federal Rule of Civil Procedure 42(a) authorizes the Court to consolidate two actions that "involve common questions of law or fact." *Daker v. Warren*, 778 F. App'x 652, 653 (11th Cir. 2019). "This rule is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citations omitted); *see Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018) (Roberts, C.J.) (explaining how consolidation historically "enabl[es] more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them"). The Eleventh Circuit urges district courts in this Circuit "to make good use of Rule 42(a)" to expedite trials and "eliminate unnecessary repetition and confusion." *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1314 (quoting *Young v. City of Augusta*, 59 F.3d 1160, 1169 (11th Cir. 1995)).

---

[2] The criminal case against Mr. Dookhy was presided over by Judge Cannon who is assigned to the *Doe* civil action.

"Courts may consolidate cases only for the discovery phase or through the expiration of any other pretrial proceeding." *Dyer v. M & M Asphalt Maint. Inc.*, No. 615CV1512ORL40TBS, 2016 WL 1743141, at *3 (M.D. Fla. Apr. 7, 2016), *report and recommendation adopted sub nom. Dyer v. M&M Asphalt Maint. Inc.*, No. 615CV1512ORL40TBS, 2016 WL 1732664 (M.D. Fla. May 2, 2016) (citing 9A Wright et al., *supra,* § 2382 ("Although the language of Rule 42(a) suggests otherwise, consolidation need not be only for trial. Consolidation of actions in their pretrial stage, under many circumstances, will be a desirable administrative technique and is within the power of the court.")).

As described above, both cases will require extensive discovery involving not just common, but virtually identical questions of fact. All parties agree that the cases should be consolidated for discovery purposes to avoid duplicative discovery and to streamline the resolution of discovery disputes in front of one Judge rather than two, which will also avoid the prospect of inconsistent discovery orders. *See, Gainor v. Bryan Holdings, LLC*, No. 06-21748-CIV, 2009 WL 10668297, at *2 (S.D. Fla. Sept. 2, 2009) ("consolidating the two cases promotes judicial efficiency because the same witnesses would likely be used in both trials and the Court would not be faced with redundant proceedings."); *McDonald v. PaperlessPay Corp.*, No. 3:20-CV-1005-MMH-MCR, 2021 WL 931599, at *3 (M.D. Fla. Mar. 11, 2021) (consolidating four cases that "plainly involve common questions of law and fact" based on the *Hendrix* factors); *In re Univ. of Miami Covid-19 Tuition & Fee Refund Litig.*, No. 20-22207-CIV, 2020 WL 9071422, at *2 (S.D. Fla. Aug. 5, 2020) (consolidating two actions for the purposes of pre-trial after following the Eleventh Circuit's precedent which has encouraged trial judges to "make good use of Rule 42(a)" to "expedite the trial and eliminate unnecessary repetition and confusion"). The administration of

justice will be best served by the consolidation of discovery, and Defendant respectfully suggests that the Court exercise its authority to do so under Rule 42.

Because the cases are intimately related, judicial economy and the administration of justice will be best served by the consolidation of both cases for discovery and pre-trial process, with each to maintain their own right to an independent trial on liability and damages. Accordingly, Defendant respectfully requests that the Court grant the instant motion.

**WHEREFORE**, Defendant, CLASSICA CRUISE OPERATOR LTD. INC., respectfully requests this Honorable Court enter an order consolidating *H.B.* and *Doe* for discovery purposes, and granting any other relief that the Court deems just and proper.

Date:   February 15, 2024
        Palm Beach, Florida

Respectfully submitted,
**FOREMAN FRIEDMAN, P.A.**

BY: */s/ Marian L. Rivera*_____
Jeffrey E. Foreman, Esq. (FBN 0240310)
jforeman@fflegal.com
Darren W. Friedman, Esq. (FBN 0146765)
dfriedman@fflegal.com
Marian L. Rivera, Esq. (FBN 127420)
mrivera@fflegal.com
One Biscayne Tower, Suite 2200
2 South Biscayne Boulevard
Miami, FL  33131
Tel: 305-358-6555/Fax: 305-374-9077
Counsel for Defendant

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on February 15, 2024. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: */s/ Marian L. Rivera*_____
Marian L. Rivera, Esq.

## **SERVICE LIST**

| | |
|---|---|
| Carissa M. Peebles, Esq.<br>cpeebles@forthepeople.com<br>emojica@forthepeople.com<br>ataveras@forthepeople.com<br>fpapalie@forthepeople.com<br>npollock@forthepeople.com<br>MORGAN & MORGAN, P.A.<br>8151 Peters Road, Suite 4000<br>Plantation, FL 33324<br>Tel: 954-694-9611/ Fax: 954-694-9696<br>Counsel for Plaintiff<br><br>William Lewis, Esq.<br>WLewis@forthepeople.com<br>DHouse@forthepeople.com<br>NBarrus@forthepeople.com<br>MORGAN & MORGAN, P.A.<br>1700 Palm Beach Lakes Blvd., Ste. 500<br>West Palm Beach, FL 33401<br>Tel.: 561-227-5858 / Fax: 561-227-5859<br>Counsel for Plaintiff<br><br>David L. Luck, Esq.<br>dluck@forthepeople.com<br>jmperdomo@forthepeople.com<br>MORGAN & MORGAN, P.A.<br>703 Waterford Way, Ste. 1000<br>Miami, FL 33126<br>Tel: 786-843-4637 / Fax: 786-450-5883<br>Counsel for Plaintiff | Jeffrey E. Foreman, Esq.<br>jforeman@fflegal.com<br>kfehr@fflegal.com<br>Darren W. Friedman, Esq.<br>dfriedman@fflegal.com<br>sargy@fflegal.com<br>lvargas@fflegal.com<br>Marian L. Rivera, Esq.<br>mrivera@fflegal.com<br>FOREMAN FRIEDMAN, PA<br>One Biscayne Tower – Suite #2200<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel: 305-358-6555/ Fax: 305-374-9077<br>Counsel for Defendant, Classica Cruise Operator, Ltd., Inc. |